IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ANTHONY ELLINGBERG § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1245-K |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Anthony Ellingberg, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted by a jury of aggravated robbery and sentenced to 45 years confinement.[1] His conviction and sentence were affirmed on direct appeal. *Ellingberg v. State*, No. 05-03-00997-CR, 2004 WL 596231 (Tex. App.--Dallas, Mar. 26, 2004, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Ellingberg*, No. 62,343-02 (Tex. Crim. App. May 3, 2006). Petitioner then filed this action in federal district court.

---

[1] Petitioner was also convicted by the same jury of unlawful possession of body armor. That conviction was the subject of a prior federal habeas case and is not at issue here. *See Ellingberg v. Dretke*, No. 3-05-CV-2005-L, 2006 WL 334494 (N.D. Tex. Feb. 14, 2006), *appeal dism'd*, No. 06-10364 (5th Cir. May 3, 2006).

II.

In four grounds for relief, petitioner contends that: (1) his conviction was obtained by evidence seized during an unlawful search of his vehicle; (2) the prosecution failed to disclose evidence favorable to the defense; (3) the prosecutor knowingly presented false testimony at trial; and (4) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal

principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In his first ground for relief, petitioner complains that the police searched his vehicle without a warrant, consent, or exigent circumstances. Respondent counters that this claim is barred by the *Stone* doctrine.

1.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003).

2.

Petitioner had an opportunity to raise his unlawful search and seizure claim in a pretrial motion to suppress. His attorney also was able to object at trial to the admission of evidence obtained as a result of the allegedly unlawful search. That petitioner failed to take advantage of those opportunities does not render the *Stone* bar inapplicable. *See Caver*, 577 F.2d at 1192. This ground for relief should be overruled.[2]

C.

Next, petitioner complains that one of the arresting officers, who no longer worked for the Dallas police department and did not testify at trial, confiscated $365.00 from his vehicle and did not list the money on the arrest report. Apparently, petitioner believes that the prosecutor had a duty to investigate this missing evidence and explain why the officer failed to testify.

1.

The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. See *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *Edmond*, 8 F.3d at 293; *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375,

---

[2] The court notes that petitioner's unlawful search and seizure claim is without merit in any event. After making a lawful arrest, an officer is permitted to search a suspect's vehicle for the purpose of taking an inventory. *See Yaws v. State*, 38 S.W.3d 720, 723 (Tex. App.--Texarkana 2001, pet. ref'd). Such a search may be made without a warrant or probable cause and any incriminating evidence seized as a result of the search may be used against the suspect at trial. *Rodriquez v. State*, 641 S.W.2d 955, 958 (Tex. App.--Amarillo 1982, no pet.).

3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

2.

Petitioner has failed to allege, much less prove, how the $365.00 seized from his vehicle or the reasons why the arresting officer failed to testify were "material" to his conviction for aggravated robbery. *See United States v. Agurs*, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."). Without such evidence, petitioner cannot establish a *Brady* violation. *See Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 990 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

D.

Petitioner also accuses the prosecutor of knowingly presenting false testimony at trial. At issue is the testimony of Officer Benjamin Bonya, who stated that he was the arresting officer, and Delores Pipkin, who testified that she saw petitioner beat the complainant. According to petitioner, neither witness was present at the scene.

The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 112 S.Ct. 2983 (1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that any witness lied at trial, much less that the prosecutor knew such

testimony was false. At most, there was conflicting evidence as to whether Bonya was one of three police officers present at the scene and whether Pipkin actually witnessed the robbery. Such contradictory testimony, standing alone, is not tantamount to perjury. *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989); *King v. Dretke*, No. 3-05-CV-0995-B, 2005 WL 2316433 at *3 (N.D. Tex. Sept. 20, 2005), *rec. adopted*, 2005 WL 2547060 (N.D. Tex. Oct. 11, 2005).

E.

In his final ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) did not file a motion to suppress illegally seized evidence; (2) ignored his perjury claim; and (3) failed to call two character witnesses to testify on his behalf. Respondent counters that the first two claims are procedurally barred from federal habeas review and the third claim is without merit.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[3] This statute constitutes an adequate state procedural bar for purposes of

---

[3] The statute provides, in relevant part, that:

> (a)   If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may

federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Although petitioner raised an ineffective assistance of counsel claim in his state writ, he did not mention the failure of his attorney to challenge illegally seized evidence or perjured testimony. Rather, petitioner complained that counsel failed to request a sub rosa hearing to determine the admissibility of "any statements allegedly made by me" and "not informing witnesses for the Defense of my Trial." (*See* St. Hab. Tr-02 at 12). No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper with respect to those claims. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

---

not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1)    the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2)    by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

2.

Petitioner also criticizes his attorney for failing to call two character witnesses, Derrick Pratt and Shirley Butler, to testify at trial. That claim is sufficiently exhausted and will be considered on the merits.

a.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

b.

In a sworn affidavit filed with the state habeas court, petitioner's attorney, Frank Douglas, explained that he contacted Derrick Pratt prior to trial. Pratt, who was with petitioner at the time of his arrest, initially agreed to testify without a subpoena. However, he never admitted ownership of the body armor found in petitioner's vehicle and did not contradict the state's version of the robbery. Pratt only offered that he witnessed an "altercation" between petitioner and the robbery victim. Eleven days before trial, Douglas called Pratt on his cell phone. Pratt told Douglas that he was no longer interested in testifying and was leaving the state. Douglas relayed this information to petitioner's mother, Shirley Butler, who traveled from her home in Wichita, Kansas to attend the trial on June 9, 2003. After Douglas told Butler that the trial had been postponed for one week, Butler said she would contact Pratt and ask him to reconsider. Douglas did not hear anything further from Butler despite repeated attempts to contact her at home. On June 16, 2003, neither Pratt nor Butler appeared in court to testify on behalf of petitioner. (*See* St. Hab. Tr-02 at 30-31).

As part of his state writ, petitioner included statements from Pratt and Butler. Pratt complains that he was never subpoenaed or "given the opportunity to testify to the events that I witnessed the night the crime took place, nor [petitioner's] character." Although Pratt acknowledged that he talked with Douglas prior to trial, he never heard from Douglas after the trial started. (*See* St. Hab. Tr-01 at 13). Butler stated that Douglas never informed her of the new trial date. (*Id.* at 14).

The state habeas court considered this evidence and found that "Mr. Douglas is a trustworthy individual and that the statements made by him in his affidavit are worthy of belief." (St. Hab. Tr-02 at 26, ¶ 2). In so finding, the state court implicitly rejected the testimony of Pratt and Butler in favor of Douglas. Petitioner has failed to rebut this credibility determination by clear and convincing

evidence. *See Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir.), *cert. denied*, 114 S.Ct. 637 (1993), *citing Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982) (habeas statute obliges federal judges to respect credibility determinations made by the trier of fact). This ground for relief is without merit and should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE